

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. R.S. Wyche, County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-1053
Re: County budget.

This department is in receipt of your letter of June 26, 1939, wherein you request our opinion upon three questions involving the Texas Budget Law. We quote from your letter as follows:

"Here are three questions involving the Texas Budget Law, article 689a-9,10,11,12 and 20, R.C.S., on which we desire your interpretation:

"1. We direct your attention to that part of article 689a-11 which reads, 'and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the court as amendments to the original budget.' What constitutes grave public necessity? May the budget be amended by the court only in case of grave public necessity?

"2. May a county legally expend its funds if such funds are not expended according to a legally adopted, adequate budget?

"3. What is the significance of article 689a-20 which reads, in part, 'Nothing

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

contained in this Act shall be construed as
precluding . . . the County Commissioners'
Court from making changes in the budget for
county purposes . . . " Does this mean,
among other things, that the Commissioners'
Court may amend the adopted county budget at
will, without regard to the existence of
grave public necessity?"

Article 689a-9, Revised Civil Statutes of
Texas, provides for the preparation of the county budg-
et. Article 689a-10, Revised Civil Statutes of Texas,
provides that when the county judge has completed the
budget for the county that a copy of the same should
be filed with the clerk of the county court, available
for the inspection of any taxpayer.

Article 689a-11, Revised Civil Statutes of
Texas, in part, reads as follows:

"The Commissioners' Court in each coun-
ty shall each year provide for a public hear-
ing on the county budget - which hearing shall
take place on some date to be named by the
Commissioners' Court subsequent to August 15th
and prior to the levy of taxes by said Com-
missioners' Court. Public notice shall be
given that on said date of hearing the budg-
et as prepared by the County Judge will be
considered by the Commissioners' Court. Said
notice shall name the hour, the date and the
place where the hearing shall be conducted.
Any taxpayer of such county shall have the
right to be present and participate in said
hearing. At the conclusion of the hearing,
the budget as prepared by the County Judge
shall be acted upon by the Commissioners'
Court. The Court shall have authority to
make such changes in the budget as in their
judgment the law warrants and the interest
of the taxpayers demand. When the budget
has been finally approved by the Commission-
ers' Court, the budget, as approved by the
Court shall be filed with the Clerk of the

Hon. R.S. Wyche, County Auditor, Page 3

> County Court, and taxes levied only in ac-
> cordance therewith, and no expenditure of
> the funds of the county shall thereafter be
> made except in strict compliance with the
> budget as adopted by the court. Except that
> emergency expenditures, in case of grave
> public necessity, to meet unusual and unfore-
> seen conditions which could not, by reason-
> ably diligent thought and attention, have
> been included in the original budget, may
> from time to time be authorized by the court
> as amendments to the original budget. In all
> cases where such amendment to the original
> budget is made, a copy of the order of the
> Court amending the budget shall be filed
> with the Clerk of the County Court, and at-
> tached to the budget originally adopted."
> (Underscoring ours).

Article 689a-20, Revised Civil Statutes of Texas, reads as follows:

> "Nothing contained in this Act shall be
> construed as precluding the Legislature from
> making changes in the budget for State pur-
> poses or prevent the County Commissioners'
> Court from making changes in the budget for
> county purposes or prevent the governing
> body from making changes in the budgets for
> school purposes; and the duties required by
> virtue of this Act of State, County, City
> and School Officers or Representatives shall
> be performed for the compensation now pro-
> vided by law to be paid said Officers, re-
> spectively."

Corpus Juris, Volume 28, page 824, defines the term "grave" as follows:

> "As an adjective, deserving serious
> consideration or thought; important;
> weighty."

Corpus Juris, Volume 50, Section 57, page 856, defines the term "public necessity" as follows:

Hon. R.S. Wyche, County Auditor, Page 4.

"Needed for reasonable convenience,
facility, and completeness in accomplishing
a public purpose; great or urgent public
convenience; with reference to legislative
action, that urgent, immediate public need
arising from existing conditions, which, in
the judgment of the Legislature, justifies
a disturbance of private rights which other-
wise might be legally exempt from such in-
terference."

This department held, in an opinion written
by Hon. Joe J. Alsup, Assistant Attorney General,
dated October 3, 1935, that the Commissioners' Court
of a county was unauthorized to make changes in a budg-
et after its final adoption except in cases of emergen-
cy and grave public necessity. We quote from said
opinion as follows:

"It is an elementary principle of law
that in the construction of statutes that
they must be construed as a whole and in such
a manner as to give force and effect to each
and every clause found therein. Section 11,
quoted above, specifically provides that
after a hearing of the taxpayers that the Com-
missioners' Court should act upon said budget.
The article further provides that the Commis-
sioners' Court shall have authority to make
such changes in the budget as in their judg-
ment the law warrants. These changes, under
this article, are to be made prior to the
adoption of the budget and after a full hear-
ing of the taxpayers.

"It is also significant to note that the
Legislature has enacted in this law an emer-
gency clause providing that in case of great
public necessity the budget so approved by
the court may be amended. This may only be
done, however, in case conditions exist which
could not be foreseen at the time of the
adoption of the budget."

"We are not of the opinion, upon consid-

Hon. R.S. Wyche, County Auditor, Page 5

ering the act as a whole, that Section 20,
quoted above, does not authorize the Commis-
sioners' Court to make changes so as to in-
crease the amount of the budget after its
final adoption except in cases of emergen-
cy . . .   We do not think it authorizes the
Commissioners' Court to increase the budget
after its adoption.  To so hold, would destroy
the very purpose of the act."

This department held in an opinion written
by Hon. James M. Neff, Assistant Attorney General,
dated October 29, 1937, that the Commissioners' Court
of a county was unauthorized to make any expenditure
of funds of the county, except in fixed compliance
with the budget, except the emergency expenditures in
case of grave public necessity, in which event the
court was authorized to amend the budget in order to
provide for such emergency expenditures.  We enclose,
herewith, a copy of this opinion.

As to what constitutes "grave public neces-
sity" will largely depend upon the facts in each case.

In answer to your questions, you are respect-
fully advised that it is the opinion of this department
that after the county budget has been finally approved
by the Commissioners' Court, that the Commissioners'
Court would not be authorized to amend the original
budget, unless the expenditures set out in the amend-
ment to the budget were emergency expenditures, and
were caused and necessitated by a grave public neces-
sity to meet unusual and unforeseen conditions which
could not, by reasonably diligent thought and atten-
tion have been included in the original budget.

You are further respectfully advised that it
is the opinion of this department that the Commissioners'
Court of a county is unauthorized to make any expendi-
ture of the funds of the county, except in strict com-
pliance with the budget, except emergency expenditures
in case of grave public necessity, to meet unusual and
unforeseen conditions which could not, by reasonably

Hon. R.S. Wyohe, County Auditor, Page 6

diligent thought and attention, have been included in the original budget, said emergency expenditures being made by proper amendment to the budget by the Commissioners' Court.

Therefore, your first question is answered in the affirmative. Your second question is answered in the negative. Your third question is answered in the negative.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      *Wm. J. Fanning*
                  Wm. J. Fanning
                  Assistant

WmJF:ob
APPROVED JUL 21, 1939
Encl.

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN